UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERNESTINE WARD,

               Plaintiff,

v.

EMPIRE VISION CENTERS, INC.,

               Defendant.

DECISION & ORDER

08-CV-6193L

---

### **PRELIMINARY STATEMENT**

By order dated July 1, 2008, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 6). Plaintiff Ernestine Ward ("Ward") has filed suit under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the New York Human Rights Law, alleging that defendant Empire Vision Centers, Inc. ("Empire") discriminated against her on the basis of her race, color and age and subjected her to retaliation for having complained of such discrimination. (Docket # 1). Currently pending before this Court are pretrial motions filed by Ward, many duplicative of others, seeking leave to file an amended complaint, appointment of counsel, orders unsealing certain discovery material, compelling Empire to respond to discovery requests and directing the issuance of subpoenas. (Docket ## 39-41, 43, 44, 46, 50, 60, 68-70).

# DISCUSSION

## I. Motion to Amend the Complaint (Docket # 46)

Ward originally filed two actions against Empire. Both complaints alleged violations of Title VII, but one also included the New York State Human Rights Law claim and the other the Age Discrimination in Employment Act claim. On February 4, 2009, United States District Judge David G. Larimer consolidated the two cases under this docket number. (Docket # 45). Thus, Ward's pending consolidated complaint alleges discrimination in violation of all three statutes.

On December 18, 2008, prior to the consolidation order, I denied Ward's motion to amend her complaint because she had not included with her motion a proposed amended complaint. (Docket # 30). On February 5, 2009, the day after Ward's cases were consolidated, this Court received the pending motion to amend Ward's complaint. (Docket # 46). Although not received until February 5, the documents contained in Ward's motion are dated several weeks earlier. (*Id*.). Thus, Ward's proposed complaint was apparently prepared before the consolidation order and pertained to only one of the pending complaints, rather than to both. A review of the proposed amended complaint reveals that it includes charges under all three statutes and contains factual allegations similar to those in the two consolidated cases. Empire has not opposed the amendment.

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a

proper subject of relief, the party should be allowed to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Ward's proposed amended complaint has not added any new legal claims or factual allegations to the case. Rather, the proposed amended complaint consists primarily of Ward's evidence in support of her claims and rebuttals to Empire's witness statements. Therefore, I deny Ward's motion to amend her complaint as moot and instead direct the Clerk of the Court to file the exhibits to Ward's proposed amended complaint as exhibits to her pending consolidated complaint.

II. **Motions to Unseal (Docket ## 50, 69)**

Ward has filed two motions to unseal certain documents contained in discovery responses that Empire had filed under seal pursuant to a confidentiality agreement and protective

3

order signed by Ward during a status conference held with this Court. (Docket ## 35, 36).
Pursuant to Local Rule 7.1(a)(1), Empire must file all discovery materials with the Court.
Because Empire determined that some of the information Ward sought in her requests for
production was confidential and sensitive, it provided that material to her pursuant to the
confidentiality order and filed it with the Court under seal. Significantly, Empire represents that
it has provided to Ward copies of all documents that have been filed under seal. (Docket # 58).
The impetus behind Ward's motions appears to be her belief that Empire has filed certain
documents with the Court that have not been provided to her.[1] (Docket # 61). Although no
evidence exists to support this suggestion, Ward may make arrangements with this Court's
chambers staff to review the documents filed with the Court should she wish. Ward's motions to
unseal are denied.

### III. Discovery Motions (## 39, 43, 44, 60, 68, 70)

Under the terms of the original scheduling order, the fact discovery deadline
expired on January 5, 2009, and motions to compel were to be filed thirty days prior to that date.
(Docket # 7). Neither party moved to extend either deadline. Ward has filed four similar
motions to compel seeking Empire's responses to requests for documents, interrogatories and

---

[1] As evidence that Empire is trying "sneak" in documents, Ward identifies Exhibits A5-A9 to Empire's motion for summary judgment, which she claims were "not entered into evidence" during the discovery period. (Docket # 61). A review of the docket reveals that the referenced documents are five complaints that Ward filed with the New York State Division of Human Rights prior to commencing this federal lawsuit and presumably are or were within her possession. (Docket # 54-4 at ¶ 7). Assuming that Ward means that Empire did not produce the complaints to her as part of discovery, Ward does not identify any document request to which the complaints would have been responsive. Moreover, those complaints are unlikely to fall within the scope of Empire's obligations under Fed. R. Civ. P. 26(a)(1)(A)(ii) requiring the disclosure of records a party may use to *support* its claims or defenses, unless solely for impeachment purposes. Finally, even if Empire had been under some obligation to provide Ward with the Division of Human Rights complaints, its failure to do so does not support unsealing documents that have been produced to her and are protected by a confidentiality order agreed to by Ward.

requests for admission. (Docket ## 39, 44, 60, 68). Of the four, only one was filed prior to the discovery deadline. (Docket # 39). In addition, Ward has filed a fifth motion, styled as a motion for an order to show cause, attempting to compel the same discovery responses. (Docket # 70). Finally, Ward requests an order directing the issuance of several subpoenas to non-party witnesses for production of information similar to that sought in her other discovery requests. (Docket # 43).

In her first motion to compel, Ward seeks documents, responses to requests for admission and responses to interrogatories. (Docket # 39). Because Ward has not complied with Local Rule 7.1(a)(1) requiring the filing of discovery materials in *pro se* cases, the docket does not reflect the dates on which Ward served Empire with such requests. The docket does reveal, however, that Empire responded to the requests for production of documents on October 2, 2008 and December 31, 2008 (Docket ## 19, 37), the requests for admissions on December 31, 2008 (Docket # 38) and advised Ward of its objections to her interrogatories on January 5, 2009. (Docket # 55, Exhibit ("Ex.") E). Empire opposes Ward's motions to compel as untimely, irrelevant, overbroad and unduly burdensome. (Docket # 55).

A. **Requests for Production of Documents**

Empire responded to document requests by Ward on October 2, 2008.[2] (Docket ## 19, 55). At that time, Empire objected to some of the requests as either irrelevant or burdensome and to others on the ground of confidentiality. (*Id*.). Thereafter, the parties entered into a confidentiality agreement and protective order, which this Court signed on December 17,

---

[2] Empire represents that its responses were timely because the requests were served on September 2, 2008. (Docket # 55 at 2).

2008. (Docket # 35). That day, as well as on December 31, 2008, Empire produced additional documents to Ward under the confidentiality agreement. (Docket ## 37, 55 at 2). Ward's first motion to compel was filed on December 30, 2008. (Docket # 39). Indeed, it appears that some of the documents sought in the pending motions to compel were apparently provided to Ward after the confidentiality order was signed. (*See*, *e.g.*, Docket ## 37 at 1(d) and 2(d), 55 at 6).

Ward alleges that Empire has not fully responded to her document requests and continues to seek the following.[3]

### 1. Patient Charts and Appointment Schedules from November 27, 2006 to December 26, 2007:

As narrowed by Ward, her document request 2(f) now appears to request the appointment schedules and charts for the patients whose files Empire contends that Ward did not complete according to its policies and procedures. (Docket ## 19, 44, 55 at 7). Empire does not object to providing these specific patient charts and appointment schedules. Accordingly, Empire is directed to produce such responsive documents by no later than October 9, 2009. (Docket # 44 at 10-11).

### 2. Vision Insurance Information from November 27, 2006 to to December 26, 2007:

Ward states that such information "will verify which patients had appointments [during those dates] so that the patient charts and health information should match." (Docket # 68). None of Ward's motions demonstrate the relevance of this information to the claims at

---

[3] Each of Ward's motions to compel contains different descriptions of the documents that she seeks. Not all of the categories of documents she seeks are included in each of the motions to compel. The following list compiles all the documents Ward has requested in her motions and reflects what is requested in the most recent motion. (Docket # 68).

6

issue in this lawsuit, and this Court cannot discern the relevance from the information in the record before it. Therefore, Ward's motion to compel vision insurance information is denied without prejudice.

### 3. Paystubs for a Former Co-Worker, Anna Bowers, from November 27, 2006 to December 26, 2007:

Empire alleges that Ward already has been provided with a compilation of the information contained in Anna Bowers's paystubs, if not the actual paystubs. (Docket # 55 at 6). Ward has not shown why the actual paystubs are also needed. For that reason, Ward's motion to compel Anna Bowers's paystubs is denied.

### 4. Paystubs of Ward's Former Supervisor, Brian Burbank:

Ward has not shown how her supervisor's paystubs are relevant to her lawsuit. Due to the confidential nature of such information, Ward's motion to compel Burbank's paystubs is denied without prejudice.

### B. Interrogatories

Ward served two sets of interrogatories on Empire on December 23, 2008, thirteen days before the discovery period was to expire. (Docket ## 39, 44). She directed that the interrogatories be answered by non-parties Sherry Ionta and Brian Burbank, Empire employees and Ward's former supervisors. (Docket # 39). Empire responded to Ward by letter dated January 5, 2009, explaining that it declined to answer the interrogatories because they were served too late for Empire to have the benefit of the full thirty-day response period as required under Rule 33(b)(2) of the Federal Rules of Civil Procedure. (Docket # 55, Ex. E).

Notwithstanding the timeliness issue, the federal rules provide that interrogatories may only be served upon parties to the lawsuit. Fed. R. Civ. P. 33 ("a *party* may serve on any other *party* no more than 25 written interrogatories") (emphasis added). Thus, service upon a non-party is inappropriate. Accordingly, I deny Ward's motion to compel non-parties to answer party interrogatories. Should Ward still wish to direct interrogatories to the company, she may redraft and serve on Empire's counsel no more than twenty-five interrogatories.[4] Such interrogatories must be served by no later than October 9, 2009.

### C. Request for Admission

Ward seeks to compel Empire to respond to her request for admission, served on December 23, 2008. (Docket # 38). Although Empire objected to the request as untimely under the scheduling order, it nonetheless responded on December 31, 2008. (*Id*.). Substantively, Empire objected to the request as vague and overbroad. I agree. The request for admission states: "REQUEST ADMISSIONS OF: All out of court Statement from the names listed above has been submitted to NYSDHR, EEOC and the US Federal Court." (Docket # 38). This request is so vague as to render it unintelligible. Ward's motion to compel responses to her request for admission is thus denied.

For the foregoing reasons, Ward's motions to compel (Docket ## 39, 44, 60, 69) are granted in part and denied in part. Because the motion for an order to show cause requests the same information as requested in the motions to compel, Ward's motion for an order to show cause (Docket # 70) is also denied.

---

[4] It does not appear that Ward has served any party interrogatories on Empire.

### D. Request for Subpoenas

On January 29, 2009, Ward moved for this Court to issue two witness subpoenas and one subpoena *duces tecum* on her behalf. (Docket # 43). Because these were filed after the deadline for discovery had expired, I deny the requests as part of discovery. The document subpoena, moreover, appears to seek the same documents that are the subject of the previously-discussed motions to compel. Of course, should Ward wish to subpoena Sherry Ionta and Brian Burbank as trial witnesses, she may make that request to the district court prior to trial.

Accordingly, Ward's request for the issuance of subpoenas (Docket # 43) is denied.

## IV. Motion for Appointment of Counsel (Docket # 40)

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." This statute is understood to "guarantee [] meaningful access to the courts as required by the Constitution." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)). Unlike criminal defendants, however, civil litigants do not have a constitutional right to appointed counsel. *Id.* (citing *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984)). In determining whether to appoint counsel for a civil litigant, the court must first inquire whether the litigant can afford to obtain counsel. *Id.* at 61. *See also Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (before considering merits of litigant's position, court must ascertain whether litigant is able to afford or otherwise obtain counsel). If not, the court then must consider whether the indigent's position "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d at

9

61-62. Once these two threshold determinations are made, "the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues, and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id*. (citing *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981)).

For the purposes of this motion, the Court will accept plaintiff's representation that she is unable to afford private counsel. Based upon my review of the record to date, however, I cannot conclude that Ward's claims are likely meritorious. In addition, a limited number of local attorneys is available to handle cases on a *pro bono* basis. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) ("[e]very assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause"). At this stage in this litigation, based upon the record as it has been developed, I thus deny plaintiff's motion for appointment of counsel (Docket # 40), but so do without prejudice to renewal in the event that plaintiff's claims survive summary judgment.[5] It is plaintiff's responsibility to retain an attorney or press forward with this action *pro se*.

## V. Other Relief (Docket # 41)

Finally, Ward seeks permission to appear by telephone for any court proceedings due to her lack of transportation. (Docket # 41). In theory, this Court is amenable to such a

---

[5] Empire has filed a motion for summary judgment, which is pending before the district court. (Docket # 54).

request. Rather than grant a blanket request, however, this Court directs Ward to submit a letter request to the Court in advance of any scheduled conference or argument. The Court will then be in a position to consider her request on an appearance-by-appearance basis. Accordingly, Ward's motion to appear by telephone for any court proceedings (Docket # 41) is granted in part and denied in part.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend the complaint (**Docket # 46**) is **DENIED as MOOT**. The Clerk of the Court is directed to file the exhibits to Ward's proposed amended complaint as exhibits to her pending consolidated complaint. Plaintiff's motions to unseal (**Docket ## 50, 69**) are **DENIED**. Plaintiff's motions to compel (**Docket ## 39, 44, 60, 68**) are **GRANTED in PART** and **DENIED in PART**. By no later than **October 9, 2009**, Empire shall provide to Ward documents responsive to Document Request No. 2(f), and Ward shall, if she wishes, serve redrafted Interrogatories on Empire. Plaintiff's motion for an order to show cause (**Docket # 70**) is **DENIED**. Plaintiff's request for an order directing the issuance of subpoenas (**Docket # 43**) is **DENIED**. Plaintiff's motion for appointment of counsel (**Docket # 40**) is **DENIED** without prejudice. Plaintiff's motion to appear by telephone (**Docket # 41**) is **GRANTED in PART** and **DENIED in PART**.

**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
       September __22__, 2009